IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER DEWAN ROBERTSON, #322628, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 3:24-cv-00621 <br>) |
| GARY HATFIELD, *et al.*, | ) Judge Richardson <br>) |
| Defendants. | )<br>) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Robertson, who is currently in the custody of the West Tennessee State Prison in Henning, Tennessee, filed a pro se complaint alleging that his life sentence and the statue under which he was sentenced violate the Constitution. (Doc. No. 1). The Complaint is now before the Court for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. **FILING FEE**

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the West Tennessee State Prison to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his

inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. SCREENING STANDARDS

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

## III. ALLEGATIONS AND CLAIMS

In the Complaint, Plaintiff alleges that he was convicted of first-degree murder on February 26, 1999, and sentenced to life imprisonment under Tennessee Code § 39-13-204. (Doc. No. 1 at 23). He argues that Section 39-13-204, when read in conjunction with other Tennessee statutory provisions, is unconstitutionally vague as applied to him. (*Id.* at 24). He further argues that his sentence violates his Fourteenth Amendment right to equal protection, the Eighth Amendment's bar on cruel and unusual punishment, and the Ex Post Facto Clause. (*Id.*) Plaintiff sues Amber Phillips, the sentencing manager for the Tennessee Department of Corrections,

alleging that she has arbitrarily calculated his sentence under Tennessee's life-imprisonment sentencing regime. (*Id.* at 2). He also sues Gary Hatfield (*Id.* at 1), but the Complaint does not make any factual allegations against Mr. Hatfield.

In his prayer for relief, Plaintiff requests the following:

A. Plaintiff prays for this Court to issue an injunction directing the Defendant to cease and desist in the cruel and unusual punishment of Plaintiff and all those similarly situated under the unconstitutional 1995 life sentence Amendment.

B. A finding that the relevant sentencing statutes as described herein to be unconstitutionally vague and therefore unenforceable;

C. A finding that Plaintiffs rights pursuant to the Eighth and Fourteenth Amendments of the United States Constitution have been violated via the infliction of cruel and unusual punishment, substantive due process violation, Ex Post Facto violations and Equal Protection violations.

D. Order Defendant and all relevant Tennessee agencies and departments to immediately implement constitutionally sound policies, practices and procedures to timely, efficiently and accurately process the sentence of Plaintiff, and all those similarly situated, in accordance to constitutional mandates. The Plaintiffs sentence must be calculated under § 40-35-501(h) under the 1989 Sentencing Reform Act (formerly 501(g) parole eligible). Resentencing the Plaintiff under the 1989 Sentencing Reform Acts is not a favorable judgment and would "**at most** speed a parole hearing application, but would not automatically result in speedier release. (Tennessee authorities retained discretion to deny parole.)

E. Award Plaintiff all costs, expenses and reasonable attorneys' fees as permitted by law, including under 42 U.S.C. § 1983; and

F. All other relief, legal or equitable, that the Court deems just and proper.

(*Id.* at 29−30) (emphasis in original).

## IV. ANALYSIS

"Congress in enacting habeas and civil rights statutes and the Supreme Court in interpreting them have tried to mark that line using clear principles for when a claim falls into habeas versus § 1983." *Kitchen v. Whitmer*, 106 F.4th 525, 544 (6th Cir. 2024). "[P]risoners can 'proceed under § 1983' if (1) they do not seek an 'injunction ordering immediate or speedier release into the

community,' and (2) 'a favorable judgment would not necessarily imply the invalidity of their convictions or sentences.'" *Id.* at 539 (quoting *Skinner v. Switzer*, 562 U.S. 521, 533−34 (2011)). Otherwise, habeas is the proper vehicle.

Here, Plaintiff asserts that a judgment in his favor would not necessarily result in a speedier release into the community. (Doc. No. 1 at 29) ("Resentencing the Plaintiff under the 1989 Sentencing Reform Acts is not a favorable judgment and would '**at most**' speed a parole hearing application, but would not automatically result in speedier release." (emphasis in original)). Even assuming this to be true, Plaintiff cannot bring his claims in a Section 1983 action, because a judgment in his favor would necessarily imply the invalidity of his sentence. *Kitchen*, 106 F.4th at 539; *see Heck v. Humphrey*, 512 U.S. 477, 487 ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). Indeed, the foundation of Plaintiff's claim is that his sentence and the statute pursuant to which he was sentenced are unconstitutional.

Plaintiff cannot sidestep the Supreme Court and Sixth Circuit's clear guidance by advancing a claim against Defendant Phillips for improperly calculating his sentence. (*See* Doc. No. 1 at 25−27). This claim asserts that "Defendant Phillips calculation procedures method, due to the arbitrary interpretation of Tennessee's vague life sentence statutes, has failed to apply Plaintiff's life sentence pursuant to statutory and constitutional mandates." (*Id.* at 26). Plaintiff does not specify how Defendant Phillips has incorrectly calculated his sentence—aside from applying Section 39-13-204—and his prayer for relief for this claim seeks a declaration that the relevant sentencing statute is unconstitutionally vague and an order for Plaintiff to be

resentenced under prior statutes. (*Id.*). A judgment in Plaintiff's favor would necessarily imply the invalidity of his sentence. Accordingly, the claims "must be brought through habeas." *Kitchen*, 106 F.4th at 544 (directing district court to dismiss claims on remand). Plaintiff's complaint will therefore be dismissed for failure to state a claim upon which relief can be granted. *See id.* at 534 n.4 ("Our court, following the Supreme Court's lead, has phrased *Heck* challenges in terms of whether a § 1983 claim is "cognizable," which likely implies that a *Heck* challenge more properly sounds in failure to state a claim as opposed to lack of subject-matter jurisdiction.").

This dismissal will be without prejudice to Plaintiff raising the same claims in a habeas corpus petition pursuant to 28 U.S.C. § 2254.[1]

## V. CONCLUSION

Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. This dismissal is without prejudice to Plaintiff raising the same claims in a habeas corpus petition pursuant to 28 U.S.C. § 2254.

Plaintiff's request to ascertain status, contained in "Plaintiff's Motion for Status and Notice of Change Address [sic]" (Doc. No. 6) is **DENIED** as moot.

The Clerk is directed to enter judgment under Rule 58(b) of the Federal Rules of Civil Procedure and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] Any Section 2254 petition must comply with all applicable statutes, including the statute of limitations, 28 U.S.C. § 2244(d), statutory exhaustion requirement, 28 U.S.C. § 2254(b), and the statute governing second or successive petitions, 28 U.S.C. § 2244(b).